IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CEDRIC BRINSON | § | |
| v. | § | CIVIL ACTION NO. 6:12v66 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Cedric Brinson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Brinson stated that he was found guilty of assault on an officer when in fact he had not done so. As punishment for the offense, Brinson received 15 days of cell and commissary restrictions, reduction in classification status from Line Class II to Line Class II, and the loss of 267 days of good time credits. Brinson stated that he was not eligible for release on mandatory supervision.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Brinson's petition be dismissed because Brinson had failed to show that the punishments imposed upon him infringed upon any constitutionally protected liberty interests, relying on Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). The Magistrate Judge observed that the punishments of cell and commissary restrictions and a reduction in classification status did not impose atypical or

significant hardships upon Brinson in relation to the ordinary incidents of prison life, and the loss of good time did not implicate a protected liberty interest because Brinson is not eligible for release on mandatory supervision. *See* Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000); Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996). The Magistrate Judge also recommended that Brinson be denied a certificate of appealability *sua sponte*.

Brinson filed objections to the Report of the Magistrate Judge on July 10, 2012. In his objections, Brinson says that he wants the Court to order TDCJ to show the video of the incident, which he says will prove his innocence. He says that "I do understand the legal standards after reading them as this Court pointed them out to be," but states that he wants the Court to understand that he is asking for what TDCJ can give back to him if so ordered. Specifically, Brinson asks that he be released from administrative segregation, his line class restored, and that he be sent to a unit of his choosing.

Brinson does not address the Magistrate Judge's conclusion that he had failed to show the deprivation of a constitutionally protected liberty interest in the punishments inflicted upon him. He seeks relief in the form of release from administrative segregation, restoration of his classification status, and a transfer to a different unit, but none of these are protected liberty interests. *See* Pichardo, 73 F.3d at 613 (no liberty interest in being free from administrative segregation); Malchi, 211 F.3d at 958 (no liberty interest in a particular time-earning classification); Meachum v. Fano, 427 U.S. 215, 224 (1976) (no constitutional right to be confined in any particular prison unit within the state).

Brinson asks that the Court order that TDCJ show the video of the incident, which is in effect a request that the Court retry the disciplinary case. The Fifth Circuit has held that district courts, in reviewing prison disciplinary proceedings, need not conduct a *de novo* factual review. Smith v. Rabelais, 659 F.2d 539, 545 (5th Cir. 1981). In any event, such a review would have no bearing on the Magistrate Judge's recommended findings and conclusions, which rely on the fact

that Brinson failed to show the deprivation of a constitutionally protected liberty interest. Brinson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 14) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Cedric Brinson is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 6th day of August, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**